Filed 10/3/24 P. v. Curry CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RENARD RICKY CURRY,<br><br>    Defendant and Appellant. | A167782<br><br>(Contra Costa County Super. Ct. No. 05001407857) |

### MEMORANDUM OPINION[1]

Renard Ricky Curry was sentenced to 25 years and eight months in prison after he pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) with an allegation of personally using a firearm (§ 12022.5, subd. (a)), and four other felonies. When Curry filed a petition for resentencing years later under former section 1170.95 (now § 1172.6), alleging that he met the requirements of the statute, the trial court denied the petition for Curry's purported failure to make a prima facie showing that he was entitled to relief. (§ 1172.6, subd. (c).) In this opinion, we review independently Curry's challenge to the denial of his petition. (*People v.*

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) All statutory references are to the Penal Code.

1

*Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.) Because he made the requisite prima facie showing before the trial court, we reverse the denial of Curry's petition and remand the matter for further proceedings.

For resentencing under section 1172.6, "the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [] [s]ection 188 or 189 made effective January 1, 2019' . . . ." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Then, "[a]fter the parties have had an opportunity to submit briefings, the court . . . hold[s] a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

This "prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "[2] (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) In other words, a " ' "denial at [the prima

---

[2] Although the preliminary hearing transcript may, under at least some circumstances, be part of this record, facts from such a transcript may not be considered for the purpose of evaluating a petitioner's prima facie showing unless the petitioner has stipulated "to the transcript as a factual basis for his plea." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*).)

facie] stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' " ' " (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Here, Curry filed a petition alleging that he met the eligibility requirements of former section 1170.95 (now § 1172.6). The stipulated factual basis of Curry's no-contest plea was not the preliminary hearing transcript, but rather, his averment that "a judge or jury who heard the evidence against [Curry] could find [him] guilty of" those charges — a fact that precludes us from relying on Curry's preliminary hearing transcript in the instant appeal.[3] (See *Davenport*, *supra*, 71 Cal.App.5th at p. 481.) And our review of the record on appeal has revealed no fact that could demonstrate Curry's *ineligibility* as a matter of law. As a result, we must conclude the trial court erred in denying Curry's petition at the prima facie stage. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

In resisting this conclusion, the Attorney General conspicuously refrains from arguing — as the trial court concluded — that the record of conviction establishes Curry's ineligibility even without the preliminary hearing transcript. Instead, the Attorney General urges us to reconsider our holding in *Davenport* and to consult that transcript. We decline this invitation. Contrary to the Attorney General's contentions, nothing in *People v. Lewis*, *supra*, 11 Cal.5th 952, compels the conclusion that a preliminary hearing transcript is always part of the record of conviction for section 1172.6 purposes at the prima facie stage. And while we await our Supreme Court's resolution of this question in its review of *People v. Patton* (2023) 89 Cal.App.5th 649 (review granted June 28, 2023, S279670), we are not

---

[3] Accordingly, we deny the Attorney General's April 23 request for judicial notice of that transcript.

3

persuaded by the Attorney General or the arguments of our Second District colleagues in *People v. Pickett* (2023) 93 Cal.App.5th 982, to abandon *Davenport*'s reasoning.

## DISPOSITION

We reverse the denial of Curry's petition and remand the matter to the superior court with instructions to issue an order to show cause pursuant to section 1172.6, subdivision (c), in anticipation of further proceedings under section 1172.6.

DOUGLAS, J.*

We concur:

BROWN, P. J.
GOLDMAN, J.

*People v. Curry* (A167782)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.